ZEHMER, Judge,
dissenting.
I respectfully dissent. I do not characterize the facts in this case as showing that the husband made a $23,000 fraudulent misrepresentation regarding the mortgage debt on a house in New Orleans. The record before the trial judge contained evidence that the balance on the New Orleans property mortgage was $63,000 and the husband’s representation that he believed the balance due was $40,000. The appealed order comes to this court clothed with a presumption of correctness. The record supports a finding by the trial judge that no fraud, misrepresentation, or other misconduct of an adverse party, as contemplated by rule 1.540(b)(3), Florida Rules of Civil Procedure, occurred in this instance. Indeed, the record is quite equivocal that the trial judge relied only on the $40,000 figure said to have been misrepresented by the husband, rather than the $63,000 figure shown by the record as the true balance due on the mortgage.
Of course, the trial court technically had jurisdiction to consider whether a material misrepresentation within the meaning of rule 1.540(b) had occurred that affected the validity of the judgment. My view of the record is that the trial judge felt the complained-of error was not relied on by him and was, thus, not sufficiently important to warrant opening the judgment under rule 1.540(b), and, for this reason, stated he had no jurisdiction under that rule to vacate the judgment. Accordingly, I find no abuse of discretion on the part of the trial judge and would affirm the appealed order.